UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| DELANEY DEVELOPMENT, INC., | * | |
| DELANEY'S, INC. and | * | CIVIL ACTION NO. 11-277 |
| CABANA APARTMENTS | * | |
| | * | |
| VERSUS | * | JUDGE: |
| | * | |
| WESTCHESTER SURPLUS LINES | * | MAGISTRATE: |
| INSURANCE COMPANY, INC., ESSEX | * | |
| INSURANCE COMPANY, and LANDMARK | * | |
| AMERICAN INSURANCE COMPANY | * | |

**************************************************************************

## COMPLAINT FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes plaintiffs, Delaney Development, Inc., Delaney's, Inc. and Cabana Apartments, who respectfully represent as follows in this Complaint for Damages:

I.

Made plaintiffs herein are:

**DELANEY DEVELOPMENT, INC.**, a corporation organized under the laws of Alabama and with its principal place of business in Alabama;

**DELANEY'S, INC.**, a corporation organized under the laws of Alabama and with its principal place of business in Alabama; and

**CABANA APARTMENTS**, a corporation organized under the laws of Alabama and with its principal place of business in Alabama.

II.

Made defendants herein are:

**WESTCHESTER SURPLUS LINES INSURANCE COMPANY**, an insurance company authorized to do and doing business within Alabama and within the jurisdiction of this Honorable Court;

**ESSEX INSURANCE COMPANY**, an insurance company authorized to do and doing business within Alabama and within the jurisdiction of this Honorable Court; and

**LANDMARK AMERICAN INSURANCE COMPANY**, an insurance company authorized to do and doing business within Alabama and within the jurisdiction of this Honorable Court.

III.

Jurisdiction herein is invoked pursuant to 28 U.S.C. §1332 as the parties' citizenships are completely diverse and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

IV.

Venue is proper under 28 U.S.C. §1391(a)(2) because a substantial part of the events giving rise to this claim occurred in Mobile, Alabama within the Southern District of Alabama.

V.

Defendants are justly and truly indebted to Plaintiffs herein for damages, together with legal interest thereon from the date of judicial demand until paid, and for costs in these proceedings, for the following, to-wit:

VI.

Plaintiffs, Delaney Development, Inc. and Delaney's, Inc., own a residential apartment building located in Mobile, Alabama, namely, Cabana Apartments.

VII.

Plaintiffs contracted with Westchester Surplus Lines Insurance Company (hereinafter "Westchester"), Essex Insurance Company (hereinafter "Essex") and Landmark American Insurance Company (hereinafter "Landmark") to insure its apartment building. The Westchester policy bears policy number D35885766 001. The Essex policy bears policy number ESP 1864. The Landmark policies bear policy numbers LHD 3344863 and LHD 334864.

VIII.

In the days preceding Hurricane Ivan's landfall on September 16, 2004, weather forecasters and government officials predicted that Hurricane Ivan, which was then in the Gulf of Mexico, would severely impact southern Alabama.

IX.

In anticipation of the impending storm, government officials ordered a voluntary evacuation of the greater Mobile area in and around southern Alabama. The voluntary evacuation order applied to everyone, including the plaintiffs. The voluntary evacuation order forced everyone to remain away from the affected area until official notice to return was provided.

X.

On September 16, 2004, Hurricane Ivan made landfall in the greater southern Alabama area. This windstorm severely damaged Plaintiffs' property located at 3800 Michael Blvd., Mobile, AL 36609. Plaintiffs mitigated its damages at all relevant times, performing necessary repairs in an attempt to swiftly reopen its apartments.

XI.

Plaintiffs timely notified Westchester, Essex and Landmark of its loss after Hurricane Ivan caused damage to Plaintiffs' property.

XII.

Shortly after the storm, Westchester, Essex and Landmark began sending adjusters to Plaintiffs' property to determine the scope of damage to Plaintiffs' property. The respective insurance adjusters performed inspections of the damaged property.

XIII.

As late as May 27, 2005, Essex wrote to Plaintiffs discussing their losses resulting from Hurricane Ivan. Specifically, Essex requested documentation to support plaintiffs' claims regarding the loss of rents portion of plaintiff's claim. Said correspondence interrupted the statute of limitations as to Plaintiffs' losses. Continuing after this date, the insurance companies continued to adjust Plaintiffs' losses resulting from Hurricane Ivan, sending tender checks as late as March, 2006.

XIV.

As of the date of the filing of this Complaint, Westchester, Essex and Landmark has not tendered Delaney Development, Inc. and Cabana Apartments a sufficient amount to adequately compensate Plaintiffs for their losses from Hurricane Ivan.

XV.

At all times pertinent hereto, Westchester, Essex and Landmark provided insurance coverage for the matters, risks, and things involved herein.

XVI.

Plaintiffs' commercial insurance policies issued by Westchester, Essex and Landmark provide coverage for loss or damage caused by the peril of wind.

XVII.

Despite having been provided with "satisfactory proof of loss," and despite conducting its own thorough investigation of the damages Plaintiffs incurred from Hurricane Ivan, Westchester, Essex and Landmark have not adequately paid for any or all of the damage sustained to Plaintiffs' property caused by this covered loss.

XVIII.

Westchester, Essex and Landmark are liable unto Plaintiffs under the following legal theories:

    a.    Breach of contract;

    b.    Breach of duty of good faith and fair dealing; and

    c.    Any and all other legal theories which may be found through discovery and proven at trial in this matter, including but not limited to, bad faith adjusting.

XIX.

Westchester, Essex and Landmark have committed other acts of negligence, breach of contract, and breach of its duty of good faith and fair dealing, all of which will be shown and proven at the trial of this matter.

XX.

As a result of Westchester, Essex and Landmark's actions, Plaintiffs have suffered the following nonexclusive list of damages:

    a.    Loss of use of insured property;

    b.    Loss of enjoyment of insured property;

    c.    Loss of business income;

    d.    Loss of movable goods;

    e.    Diminution in value of the property;

    f.    Permanent repair and remediation expenses;

    g.    Temporary repair and remediation expenses;

    h.    Attorney's fees;

    i.    Costs of this litigation; and

    j.    All other losses that will be proven at the trial of this matter.

XXI.

Plaintiffs reserve the right to supplement and amend this Complaint for Damages.

XXII.

Plaintiffs pray for trial by jury.

**WHEREFORE**, plaintiffs herein, Delaney Development, Inc., Delaney's, Inc. and Cabana Apartments pray that the defendants, Westchester Surplus Lines Insurance Company, Essex Insurance Company and Landmark American Insurance Company be served with a copy of this Complaint and be duly cited to appear and answer the same, and that after expiration of all legal delays and due proceedings, there be judgment rendered in favor of Plaintiffs and against Defendants, in an amount that will fully compensate Plaintiffs for its damages pursuant to the evidence and in accordance with the law; all sums with legal interest thereon from the date of judicial demand until fully paid, for all costs of these proceedings, and for all general and equitable relief.

Respectfully submitted,

/s/C. Bennett Long
C. Bennett Long (Bar No. LON0046 )
116 East I-65 Service Road North, Ste. A
Mobile, AL 36607
Telephone: (251) 639-4100
Facsimile: (251) 476-1042
Email: bennett@lwpc.com
ATTORNEY FOR PLAINTIFFS

**SERVICE WILL BE ISSUED VIA LONG ARM SERVICE**